UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   Index No. 1:22-cv-10308
ELEVATION HEALTH, LLC,

                *Plaintiff*,

              **COMPLAINT**

    -against-

BQC GLOBAL SUPPLY INC., d/b/a BQ SUPPLIES
JING JING HE, BRANDON WONG, ALYSSA REYES,
and JACOB BURBAS,

              *Defendants.*       Trial by Jury Demanded
----------------------------------------------------------------x

    Plaintiff, by and through its counsel, RAN MUKHERJEE, P.C., as and for a Verified Complaint, sets forth as follows:

## JURISDICTION AND VENUE

    1.    At all relevant times, Plaintiff Elevation Health, LLC ("Elevation"), was and still is a domestic limited liability company organized and existing pursuant to the laws of the State of New York, with offices at 12 W 21st St, New York, NY 10010. Elevation is a leading national provider of tech-enabled population health solutions – delivered at scale.

    2.    Defendant BQC Global Supply Inc., d/b/a BQ Supplies ("BQ Supplies") is a corporation incorporated in California, with its principal place of business in California, with an address at 18725 Gale Ave, Suite 100, City of Industry, CA 91748.

    3.    Defendant Jing Jing He ("Jing He") is an individual domiciled in California with an address at 18725 Gale Ave, Suite 100, City of Industry, CA 91748.

    4.    Defendant Brandon Wong ("Wong") is an individual domiciled in Texas, with an address at 425 N. Coca Palm Loop, Montgomery, TX 77316.

    5.    Defendant Alyssa Reyes ("Reyes") is an individual domiciled in Texas, with an address at 425 N. Coca Palm Loop, Montgomery, TX 77316.

6. Defendant Jacob Burbas ("Burbas") is an individual domiciled in Florida, with an address at 3848 Martin Street, Orlando, FL 32806.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1332 because there exists total diversity of citizenship, and the amount in controversy exceeds $75,000.00.

8. Venue is proper because the Plaintiff is located in the Southern District of New York, and the transactions at issue were for product to be delivered within the Southern District of New York.

**RELEVANT FACT BACKGROUND**

9. At all relevant times, Defendant BQ Supplies held itself out as an authorized distributor of BinaxNOW COVID-19 RAPID ANTIGEN tests kits manufactured by Abbott Diagnostics Scarborough, Inc. ("Abbott"). The United States Food and Drug Administration ("FDA") authorized their manufacture and distribution only via authorized distributors in the United States pursuant to an Emergency Use Authorization ("EUA") first issued by FDA on or around March 31, 2021.

10. At all relevant times, Defendant Jing He held himself out as the CEO of BQ Supplies, with authority to bind that entity in the transactions at issue.

11. At all relevant times, Defendant Wong held himself out as an agent and/or employee of BQ Supplies, with authority to bind that entity in the transactions at issue.

12. At all relevant times, Defendant Burbas was acting as a broker to effect a transaction wherein Elevation would purchase COVID tests from Brandon Wong of BQ Supplies.

13. On or about May 10, 2022, Defendants Wong and BQ Supplies sent an invoice to Elevation for $775,000 (of which $5,000 was deposited and $770,000 was due) for the purchase of 100,000 "BinaxNOW" test kits (the "Test Kits").

14. On June 15, 2022, Defendant Burbas urged immediate purchase of the Test Kits, stating that another company had made a large deposit. "We need to purchase the 100k today buddy[,]" he stated.

15. On June 16, 2022, Elevation sent a wire transfer of $10,000 to a Bank of America account ending (xx8251) ("Defendants' Account") which Defendant Wong had represented to be that of Defendant BQ Supplies.

16. Following this wire transfer, it came to Elevation's attention that the name on Defendants' Account was not BQ Supplies. Defendant Wong stated: "BQ Supplies is a DBA but the referencing name of the account is my personal name."

17. Defendant Wong assured Elevation that the wire transaction was legitimate and that Defendant BQ Supplies would deliver the Test Kits.

18. Defendant Burbas also assured Elevation that the transaction was legitimate and further conveyed the assurance of Defendant Jing He.

19. On June 17, 2022, Defendant Burbas personally guaranteed the transaction, sending a letter to Elevation stating in relevant part as follows:

> I will attest to the validity that this group and individuals of this group are capable to provide and will ensure that they do by placing myself in direct responsibility for their follow thru [sic] and your placement of $770,000.00 in the account of Brandon Wong, family member of the BQ organization. If for any reason this transaction doesn't render success as weve [sic] discussed, I will personally guarantee the return of the funds in full and allocate the same amount of funds (770k) towards our future endeavors together.

(the "Guarantee").

20. On June 17, 2022, relying on the representations made by and on behalf of Defendant BQ Supplies, Defendant Wong, Defendant Jing He, and Defendant Burbas, and relying as well on the personal guarantee of Defendant Burbas, Elevation sent a wire transfer of $745,000.00 for the purchase of the Test Kits.

3

21. Upon information and belief, the balance of $15,000.00 to Defendant Wong and/or Defendant BQ Supplies was paid for by Defendant Burbas or via another channel.

22. The Test Kits were never delivered.

23. Over the ensuing months, starting at least as early as July 15, 2022, Elevation repeatedly demanded a refund for the undelivered Test Kits. Defendants agreed in writing and promised to pay a refund, but no refund was ever paid.

24. Over the same time period, Elevation repeatedly requested that Defendant Burbas honor the Guarantee or otherwise cause the funds to be returned to Elevation. Defendant Burbas has failed and refused to honor the Guarantee.

25. Defendant Jing He claimed that certain wire transfers were being made to Elevation and sent wire confirmations of same, but such transfers were never received.

26. Upon information and belief, the wire transfer confirmations sent by Defendant Jing He were falsified.

27. Defendant Wong, *inter alia*, claimed that security issues with Abbott Pharmaceuticals had held up delivery, showing a communication reflecting such a delay.

28. Upon information and belief, that communication sent by Defendant Wong was falsified.

29. Defendant Wong, *inter alia*, claimed that Defendant Burbas had taken blank checks from the checkbook of Defendant Wong, causing Defendant Wong to have to close Defendants' Account and delaying the refund.

30. Defendant Wong, *inter alia*, claimed that Defendant Burbas had taken a hard drive belonging to Defendant Wong, causing Defendant Wong to have to close Defendants' Account and delaying the refund.

31. Defendant Wong, *inter alia*, claimed that his wife Defendant Alyssa Reyes needed to approve the transfer of funds, delaying the refund.

32. On September 9, 2022, Elevation co-founder Goldsmith wrote to Defendant Wong: "Please confirm that you are not returning the money owed to Elevation Health. Thanks."

33. The same day, Defendant Wong replied: "It is being returned. I have no intention on keeping funds that do not belong to myself."

34. The funds were never returned.

35. Upon information and belief, each and every one of the Defendants has a right to and interest in the Defendants' Account.

**FIRST CAUSE OF ACTION**
Breach of Contract
*Against Defendant BQ Supplies*

36. Plaintiff incorporates by reference the prior paragraphs.

37. Defendant Wong represented that he was an agent of Defendant BQ Supplies, with authority to bind that entity.

38. Elevation entered into a contract with Defendant BQ Supplies, through communication with Defendant Wong, whereby Elevation would pay Defendant BQ Supplies to provide the Test Kits.

39. Elevation performed its obligations under the contract.

40. Defendant BQ Supplies breached the contract insofar as it failed and refused to provide the Test Kits, nor did Defendant BQ Supplies provide a refund.

41. As a result, Elevation has suffered damages.


## SECOND CAUSE OF ACTION
Breach of Contract
*Against Defendant Wong*

42. Plaintiff incorporates by reference the prior paragraphs.

43. In the alternative, Elevation entered into a contract with Defendant Wong whereby Elevation would pay Defendant Wong for the Test Kits.

44. Elevation performed its obligations under the contract.

45. Defendant Wong breached the contract insofar as he failed and refused to provide the Test Kits, nor did Defendant Wong provide a refund.

46. As a result, Elevation has suffered damages.

## THIRD CAUSE OF ACTION
Civil Conspiracy
*Against All Defendants*

47. Plaintiff incorporates by reference the prior paragraphs.

48. Upon information and belief, Defendant Reyes is the spouse of Defendant Wong.

49. Upon information and belief, Defendant Reyes is an authorized signatory on Defendants' Account due to restrictions that apply to Defendant Wong for prior misconduct.

50. Upon information and belief, Defendant Reyes formed an agreement with Defendant Wong whereby Defendants' Account would be used to perpetrate breach of contract, fraud, and/or tortious behavior, as described herein.

51. Upon information and belief, Defendant Wong is a family member of several individuals within Defendant BQ Supplies who are directors, officers, managers, or otherwise in control of that entity, including Defendant Jing He, CEO of Defendant BQ Supplies.

52. Upon information and belief, Defendant Wong, Defendant Jing He, and Defendant BQ Supplies formed an agreement whereby Defendant Wong would use Defendants'

Account, and Defendant Wong's affiliation with Defendant BQ Supplies, to perpetrate breach of contract, fraud, and/or tortious behavior, as described herein.

53. The fact allegations herein constitute overt acts in furtherance of the conspiracy between the Defendants.

54. As a result, Elevation has suffered damages.

## FOURTH CAUSE OF ACTION
Conversion
*Against All Defendants*

55. Plaintiff incorporates by reference the prior paragraphs.

56. Elevation has the right to possess the entire amount paid, which right has been acknowledged in writing repeatedly by Defendants.

57. Defendants collectively exercise dominion over the funds at issue, in derogation of Elevation's rights, either by maintaining it in Defendants' Account or by having transferred it elsewhere.

58. As a result, Elevation has suffered damages.

## FIFTH CAUSE OF ACTION
Unjust Enrichment
*Against All Defendants*

59. Plaintiff incorporates by reference the prior paragraphs.

60. Defendants were enriched by Elevation's payments.

61. Defendants' enrichment was at Elevation's expense.

62. It is against equity and good conscience to permit Defendants to retain these payments.

63. As a result, Elevation has suffered damages.

## SIXTH CAUSE OF ACTION
Fraud
*Against All Defendants*

64. Plaintiff incorporates by reference the prior paragraphs.

65. Defendant Wong represented that legal and usable Test Kits could and would be delivered promptly to Elevation if Elevation paid the money to Defendants' Account.

66. Defendant Wong further represented that he was an authorized distributor, or in the alternative that BQ Supplies on whose behalf he was acting was an authorized distributor.

67. These representations were false.

68. These representations were made for the purpose of inducing Elevation to rely upon it by wiring funds to Defendants' Account.

69. Upon information and belief, each and every one of the Defendants was complicit and aware of this misrepresentation, its falsity, and its purpose.

70. Elevation justifiably relied on the misrepresentation by wiring funds to Defendants' Account.

71. As a result, Elevation has suffered damages.

## SEVENTH CAUSE OF ACTION
Enforcement of Guarantee
*Against Defendant Burbas*

72. Plaintiff incorporates by reference the prior paragraphs.

73. Defendant Burbas personally guaranteed the payment of from Elevation to Defendants Wong, Jing He, and/or BQ Supplies, stating that if "for any reason" the transaction was not a success "I will personally guarantee the return of the funds."

74. Defendant Burbas made the guarantee in order to induce Elevation to enter into the deal with Defendants Wong, Jing He, and/or Defendant BQ Supplies and pay money for the Test Kits.

75. Reasonably relying on the Guarantee of Defendant Burbas, Elevation paid $755,000.00 to Defendants Wong, Jing He, and/or Defendant BQ Supplies, in order to purchase the Test Kits.

76. Defendants Wong, Jing He, and/or BQ Supplies failed and refused to provide the Test Kits or a refund, therefore rendering the transaction unsuccessful.

77. As a result, Elevation has suffered damages.

78. Defendant Burbas must honor the Guarantee.

### EIGHTH CAUSE OF ACTION
Promissory Estoppel
*Against Defendant Burbas*

79. Plaintiff incorporates by reference the prior paragraphs.

80. Defendant Burbas made a clear and unambiguous promise to Elevation to guarantee the payment from Elevation to Defendants Wong, Jing He, and/or BQ Supplies, stating that if "for any reason" the transaction was not a success "I will personally guarantee the return of the funds."

81. It was both reasonable and foreseeable that Elevation would rely on the Guarantee of Defendant Burbas, and Elevation did in fact rely on the Guarantee, paying $755,000.00 to Defendants Wong, Jing He, and/or BQ Supplies in order to purchase the Test Kits.

82. Defendants Wong, Jing He, and/or BQ Supplies failed and refused to provide the Test Kits or a refund, therefore rendering the transaction unsuccessful.

83. As a result of its reliance on the promise of the Defendant Burbas, Elevation has suffered damages.

84. Defendant Burbas must honor his promise.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ELEVATION HEALTH, LLC, respectfully requests judgment against the Defendants as follows:

a) On the First Cause of Action, against BQ Supplies, in amounts to be determined at trial: compensatory damages together with costs and disbursements.

b) On the Second Cause of Action, against Wong, in amounts to be determined at trial: compensatory damages together with costs and disbursements.

c) On the Third Cause of Action, against all Defendants jointly and severally, in amounts to be determined at trial: compensatory damages and punitive damages together with costs and disbursements.

d) On the Fourth Cause of Action, against all Defendants jointly and severally, in amounts to be determined at trial: compensatory damages and punitive damages together with costs and disbursements.

e) On the Fifth Cause of Action, against all Defendants jointly and severally, in amounts to be determined at trial: compensatory damages together with costs and disbursements.

f) On the Sixth Cause of Action, against all Defendants jointly and severally, in amounts to be determined at trial: compensatory damages and punitive damages together with costs and disbursements.

g) On the Seventh Cause of Action, against Burbas, in amounts to be determined at trial: compensatory damages together with costs and disbursements.

h) On the Eighth Cause of Action, against Burbas, in amounts to be determined at trial: compensatory damages together with costs and disbursements.

i) For such other and further relief as the Court deems necessary and proper.

Dated: December 6, 2022

Respectfully submitted,

By: Ran Mukherjee, Esq. (RM8436)
Ran Mukherjee, P.C.
*Counsel for Plaintiff Elevation Health, LLC*
240 Kent Ave, Suite B13
Brooklyn, NY 11249
(646) 998-4240 direct dial
(917) 591-4999 fax
Email: rm@rmlawny.com