```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
ELEVATION HEALTH, LLC,                                             :
                                                                   :           22 Civ. 10308 (PAE)
                                        Plaintiff,                 :
                                                                   :                ORDER
                -v-                                                :
                                                                   :
BQC GLOBAL SUPPLY INC, d/b/a BQ SUPPLIES, JING                     :
JING HE, BRANDOM WONG, ALYSSA REYES, and                           :
JACOB BURBAS,                                                      :
                                                                   :
                                        Defendants.                :
                                                                   X
------------------------------------------------------------------
```

PAUL A. ENGELMAYER, District Judge:

On December 7, 2022, plaintiff filed the complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1. On review, it appears to the Court that plaintiff is a limited liability company ("LLC"). The citizenship of an LLC is the citizenship of each of its constituent members. While the complaint alleges that plaintiff is organized under the laws of, and has its principal place of business in, Illinois, the complaint does not also allege the citizenship of the LLC's members.

To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file an amended complaint, which must allege (1) the citizenship of natural persons who are members of the LLC and (2) the place of incorporation and principal place of business of any corporate entities who are members of the LLC. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its

members."). If plaintiff is unable to amend the complaint to allege truthfully complete diversity based upon the citizenship of each constituent person or entity of the LLC, then the complaint will be dismissed, without prejudice, for want of subject matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."). To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file an amended complaint.

Accordingly, in the interests of justice, the Court grants plaintiff leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2) to allege the citizenships of all members of the LLCs in this case by December 17, 2022.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 7, 2022
       New York, New York