UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELEVATION HEALTH, LLC,

                                        Plaintiff,

                        -v-

BRANDON WONG, ALYSSA REYES, JACOB BURBAS,

                                        Defendants.

---

22 Civ. 10308 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On December 6, 2022, plaintiff Elevation Health LLC ("Elevation Health") brought this action on the basis of diversity jurisdiction. It brought breach of contract claims against BQC Global Supply Inc.[1] and individual defendant Brandon Wong; an enforcement of guarantee and promissory estoppel claims against defendant Jacob Burbas; and civil conspiracy, conversion, unjust enrichment, fraud, and promissory estoppel claims against all defendants. Dkt. 1. On December 7, 2022, the Court ordered Elevation Health to amend its complaint to allege the citizenship of its members. Dkt. 6. On December 16, 2022, Elevation Health filed the Amended Complaint. Dkt. 7.

Elevation Health is a "provider of tech-enabled population health solutions." *Id.* ¶ 1. Its claims stem from its purchase of and payment for 100,000 COVID-19 test kits that defendants, as alleged, never delivered. *Id.* ¶¶ 13–35. On December 13, 2022, Elevation Health served Burbas,

---

[1] On February 28, 2023, Elevation Health notified the Court of its voluntary dismissal of defendants BQC Global Supply Inc., *d/b/a* BQ Supplies, and Jing Jing He. Dkt. 13. On March 1, 2023, the Court approved the dismissal. Dkt. 14. The Court dismisses as moot all claims against He and BQC Global Supply, including the breach of contract claim against BQC Global Supply, Dkt. 7 ¶¶ 36–41, in light of the voluntary dismissal of these defendants.

Dkt. 8, making his deadline to answer January 3, 2023.  On December 16, 2022, Elevation Health

served BQC Global Supply Inc. and Jing Jing He, Dkts. 9–10, making their deadlines to answer

January 6, 2023.  On January 25 and February 4, 2023, Elevation Health served Wong, Dkt. 11, and

Reyes, Dkt. 12, making their deadlines to answer February 15 and March 1, 2023, respectively.[2]

No defendant has answered or otherwise appeared in this action, and the time for answering has

expired as to all of them.

On March 10, 2023, Elevation Health filed for entry of default judgment with the Clerk of

the Court as against defendants Burbas, Wong, and Reyes. Dkts. 19–20.  The same day, the Clerk

of the Court issued certificates of default, Dkt. 21. and, Elevation Health moved for default

judgment against Burbas, Wong, and Reyes, Dkt. 22, and filed a declaration and exhibits, Dkt. 23,

and a proposed default judgment, Dkt. 24, in support.[3]

That day, the Court ordered any defendant wishing to oppose the motion to show cause, by

April 10, 2023, why a default judgment is not warranted.  Dkt. 26.  On March 13, 2023, Elevation

---

[2] On March 10, 2023, Elevation Health's counsel submitted an affidavit representing that all
defendants had been served on December 20, 2022.  Dkt. 18.  However, the affidavits of service,
executed by process servers, show the range of dates referenced above. *See* Dkts. 8–12.  The
Court relies on these dates, several of which post-date the date in Elevation Health's affidavit, as
the effective dates of service.

[3] On April 26, 2023, the Court ordered Elevation Health to file a memorandum of law in support of
its motion for default judgment, Dkt. 29, which it did on May 11, 2023, Dkt. 30.  The memorandum
of law analyzes Elevation Health's claims solely under New York law.  Where "[t]he parties' briefs
assume that New York substantive law governs the issues presented, . . . such implied consent is,
of course, sufficient to establish the applicable choice of law." *Arch Ins. v. Precision Stone, Inc.*,
584 F.3d 33, 39 (2d Cir. 2009) (quoting *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 514 n.4
(2d Cir. 2001)) (internal alterations omitted); *see Krumme v. WestPoint Stevens Inc.*, 238 F.3d
133, 138 (2d Cir. 2000).  The Court follows the parties' lead and applies New York law here.
*Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997).

Health served the March 10, 2023 Order to show cause on Burbas, Wong, and Reyes.  Dkt. 27.

Defendants did not oppose the Order and have not appeared.

When determining whether to grant a motion for default judgment, courts in this circuit

consider three factors: "1) whether the defendant's default was willful; 2) whether defendant has

a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party

would suffer as a result of the denial of the motion for default judgment." *Lewis v. Legal*

*Servicing, LLC*, No. 19 Civ. 8085 (PAE), 2021 WL 3500867, at *3 (S.D.N.Y. Aug. 9, 2021); *see*

*also Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (applying these

factors in review of a lower court's grant of default judgment).  If the Court determines that these

factors favor the plaintiff, it must decide whether the plaintiff has pled facts supported by

evidence sufficient to establish the defendant's liability with respect to each cause of action

asserted.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) ("[A] court is required to

accept all of [the complaint's] factual allegations as true . . . but is also required to determine

whether [the] allegations establish [defendant's] liability as a matter of law."); *Au Bon Pain*

*Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Gunawan v. Sake Sushi Rest.*, 897

F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] defendant's default does no more than concede the

complaint's factual allegations." (citations omitted)).  The Court accepts as true all of the factual

allegations of the complaint, except those relating to damages.  *Au Bon Pain Corp.*, 653 F.2d at

65.

The Court has reviewed Elevation Health's motion for default judgment pursuant to Federal

Rule of Civil Procedure 55(b) and its supporting submissions.  The Court determines that the first

and third factors favor the plaintiff: proof of service has been filed, each defendant has failed to

answer the Complaint, the time for doing so has expired, and each defendant has failed to appear to

contest the entry of default judgment.  As to Elevation Health's claims, the Court determines that the Amended Complaint's allegations are sufficient, taken as true, to support an entry of a default judgment on the breach of contract claim against Wong.  "To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (internal quotation marks omitted).  Elevation Health has done so here.  It alleges that it entered a contract with defendants for BinaxNOW COVID-19 test kits, Dkt. 7 ¶¶ 10–14, that it performed its obligation under that contract by paying defendants, *id.* ¶¶ 15, 20, that defendants never delivered the test kits, *id.* ¶¶ 22, 42–46, or reimbursed Elevation Health as promised, *id.* ¶¶ 24, 32–35, and that Elevation Health suffered damages as a result, *see, e.g., id.* ¶ 41.  For similar reasons, the Court grants default judgment as to Elevation Health's breach of guaranty claim against Burbas.  Under New York law, a *prima facie* breach of guaranty claim "is established by demonstrating (1) an unconditional guaranty; (2) the underlying debt; and (3) failure of the guarantor to perform under the guaranty."  *Gulf Coast Bank & Tr. Co. v. ASESD, LLC*, No. 11 Civ. 5023 (RMB) (RLE), 2014 WL 6850970, at \*4 (S.D.N.Y. Aug. 29, 2014) (collecting cases), *report and recommendation adopted*, 2014 WL 6845410 (S.D.N.Y. Dec. 4, 2014).  Here, as alleged, Burbas personally guaranteed "that [defendants] are capable to provide" the test kits for which Elevation Health paid, and stated, after Elevation Health raised concerns about defendants' performance, that he would "ensure that they do by placing [him]self in direct responsibility for their follow thru [sic]" on the test kit delivery.  *See* Dkt. 7 ¶ 19; *see, e.g., Gulf Coast Bank Tr. Co.*, 2014 WL 6850970, at \*4.

However, Elevation Health's remaining claims, taking its factual allegations as true, fall short. Its unjust enrichment claim is duplicative of its breach of contract claim, and therefore is not available under New York law. *See, e.g.*, *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15 Civ. 501 (MKB), 2016 WL 1255726, at *3–4 (E.D.N.Y. Mar. 28, 2016) (denying motion for default judgment where unjust enrichment claim duplicative of breach of contract claim); *see Gov't Emps. Ins. v. Zemlyansky*, No. 13 Civ. 4966 (MKB) (SMG), 2015 WL 5692899, at *2 (E.D.N.Y. Sept. 27, 2015) ("[A]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." (internal alteration omitted)). Its conversion claim also fails as duplicative. "A conversion claim may only succeed if the party alleges a wrong that is distinct from any contractual obligations." *Command Cinema Corp. v. VCA Labs. Inc.*, 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006). Here, Elevation Health's conversion claim—like its breach of contract claim—rests on defendants' failure to deliver the contracted-for test kits or to reimburse plaintiff for the same. *See, e.g.*, *Ainbinder v. Money Ctr. Fin. Grp., Inc.*, No. 10 Civ. 5270 (SJF) (AKT), 2013 WL 1335997, at *9 (E.D.N.Y. Feb. 28, 2013) (collecting cases rejecting conversion claims as duplicative of breach of contract claim), *report and recommendation adopted*, 2013 WL 1335893 (E.D.N.Y. Mar. 25, 2013). Accordingly, the Court denies default judgment on the unjust enrichment and conversion claims. *See, e.g.*, *Eastman Kodak Co. v. Berkshire-Westwood Graphics Grp., Inc.*, No. 09 Civ. 6185 (DGL), 2010 WL 2710975, at *2 (W.D.N.Y. July 6, 2010) (granting default judgment as to breach of contract, but dismissing unjust enrichment and conversion claims as duplicative); *Nwagboli v. Teamwork Transp. Corp.*, No. 08 Civ. 4562 (JGK) (KNF), 2009 WL 4797777, at *9 (S.D.N.Y. Dec. 7, 2009) (same).

Elevation Health's promissory estoppel claim against Burbas also fails. *See* Dkt. 7 ¶¶ 79–84. "Promissory estoppel may be invoked in two situations to: (1) enforce a promise lacking consideration; and (2) provide relief where the Statute of Frauds renders an otherwise valid contract unenforceable." *Nwagboli*, 2009 WL 4797777, at *5; *see Merex A.G. v. Fairchild Weston Sys.*, 29 F.3d 821, 824 (2d Cir.1994). Where, as here, the Court has already determined that an enforceable contract exists, the doctrine of promissory estoppel is inapplicable, and a plaintiff cannot recover for this cause of action. *See Marquez v. Hoffman*, No. 18 Civ. 7315 (ALC), 2021 WL 1226981, at *32 (S.D.N.Y. Mar. 31, 2021) (existence of valid and enforceable contract precludes recovery under promissory estoppel theory), *reconsideration denied*, 2021 WL 6133972 (S.D.N.Y. Dec. 29, 2021); *Nwagboli*, 2009 WL 4797777, at *5 (collecting cases).

As to the fraud claim, the Amended Complaint's allegations are insufficient in two respects. First, they are insufficiently particular as to Reyes. "Under New York law, to state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006) (internal quotation marks and alteration omitted). "[T]o comply with [Federal Rule of Civil Procedure] 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* at 290 (internal quotation marks omitted). Here, plaintiff does not allege that Reyes made any statements, whatsoever, let alone those statements' particulars. *See, e.g., Exact Invs. LLC v. Vesnaverboth*, No. 17 Civ. 6109 (DRH) (ARL), 2022 WL 17782087, at *4 (E.D.N.Y. July 18, 2022) (recommending denial of fraud claim where plaintiff did not allege where or when

representations were made), *report and recommendation adopted sub nom. Exact Invs. LLC v.*

*Vesnaver*, No. 17 Civ. 6109 (DRH) (ARL), 2021 WL 8316285, at *1 (E.D.N.Y. Sept. 21, 2021).

Second, as with the unjust enrichment and conversion claims, the fraud claim is

duplicative of its breach of contract claim as to all defendants. "Misrepresentations made to

induce a party to enter a contract are not actionable as fraud . . . unless they are 'collateral' to the

contract induced." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 209 (2d Cir. 2018) (citing

*Deerfield Comms. Corp. v. Chesebrough-Ponds, Inc.*, 68 N.Y.2d 954, 956 (1986) (false promise

to not resell goods outside a specific geographical area held to "constitute[] a misrepresentation"

for purposes of fraud where geographical restrictions were not contained in the written

agreement for the purchase of those goods)). "Where a plaintiff alleges, by contrast, that the

defendant simply misrepresented its intent to perform under a contract, no separate claim for

fraud will lie, and the plaintiff must instead bring an action for breach of contract." *Id.*  This rule

extends to the implied terms of the contract—including, for example, the legitimacy or integrity

of the offering company. *Id.*; *see, e.g.*, *N.Y. Univ. v. Cont'l Ins.,* 87 N.Y.2d 308, 318–19 (1995)

(claim that insurance company fraudulently misrepresented its integrity so as to induce plaintiff

into a contract duplicative of breach of contract claim).  Although Elevation Health conclusorily

argues that damages recoverable for being fraudulently induced into a contract are meant to

indemnify it for lost opportunities resulting from that inducement, it has not alleged any such

losses.  Nor has it alleged, for example, that it forewent another contract, that its business

suffered due to the delay while it found an alternate supplier, or any suffered any harm other than

the money it paid for the test kits. *Contra Spinelli*, 903 F.3d at 211 (reversing dismissal of fraud

claim where, *inter alia*, plaintiffs alleged that, in reliance on defendants' agreements, they had

terminated agreements with other entities and lost revenue from licensing opportunities).

Accordingly, the Court denies default judgment on Elevation Health's fraud claim, as well. *See, e.g.*, *Nwagboli*, 2009 WL 4797777, at *5 (denying default judgment on fraud claim where it arose from same facts as breach of contract claim); *see also Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 58 (2d Cir. 2013) (reversing and remanding where default judgment was entered on fraud claim that was "nothing more than a restatement of [the] breach of contract claim").

Finally, Elevation Health alleges a civil conspiracy between defendants to "perpetuate breach of contract, fraud, and/or tortious behavior." Dkt. 7 ¶ 52; *see id.* ¶¶ 47–54. There is no independent tort of civil conspiracy under New York law. *McCall v. Chesapeake Energy Corp.*, 509 F. App'x 62, 65 (2d Cir. 2013); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 413 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010); *see Alexander & Alexander of N.Y., Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986) (mem.) ("[A]s we long ago held, a mere conspiracy to commit a tort is never of itself a cause of action." (internal quotation marks omitted)). Instead, a plaintiff must allege "a primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Great Lakes Motor Corp. v. Johnson*, 156 A.D.3d 1369, 1372 (4th Dep't 2017) (internal quotation marks omitted). Insofar as plaintiff alleges a civil conspiracy premised on the breach of contract claim, that claim is duplicative. *See, e.g.*, *Spartan Cap. Sec., LLC v. Sports Field Holdings, Inc.*, No. 20 Civ. 4210 (AKH), 2021 WL 665031, at *3 (S.D.N.Y. Feb. 19, 2021) (dismissing civil conspiracy claim as duplicative of breach of contract claim). The New York Court of Appeals has repeatedly rejected such claims where they "add[] nothing by way of legal liability, and only seek[] to explain the possible motives of defendants for their failure to perform the agreement

8

sued upon in the [breach of contract claim]." *Miller v. Vanderlip*, 285 N.Y. 116, 125 (1941); *see N. Shore Bottling Co. v. C. Schmidt & Sons, Inc.*, 22 N.Y.2d 171, 179 (1968) (collecting cases); *Bereswill v. Yablon*, 6 N.Y.2d 301, 306 (1959) ("[I]t is a long-established doctrine that one does not have a cause of action against another contracting party for conspiracy to breach the agreement between them."); *see also Lehman v. Garfinkle*, No. 08 Civ. 9385 (SHS) (DF), 2009 WL 2973207, at *7 (S.D.N.Y. Sept. 16, 2009) (rejecting argument that defendants should be liable on contracts to which they were non-parties on the ground that they were co-conspirators because New York law does not recognize such a theory of liability).  Here, insofar as Elevation Health alleges civil conspiracy to commit fraud or some other tortious behavior, it has failed to allege a primary tort for the reasons discussed above.  *See, e.g., Woodside Credit, LLC v. Prime Car Sales, Inc.*, No. 19 Civ. 2819 (ERK) (RER), 2020 WL 9814081, at *4 (E.D.N.Y. Feb. 28, 2020) (denying default judgment as to claim of civil conspiracy to defraud and commit conversion); *McCall*, 509 F. App'x at 65 (dismissing civil conspiracy claim where complaint failed to allege predicate tort); *see also Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (dismissing civil conspiracy claim where plaintiff failed to state causes of action for any torts underlying alleged conspiracy).

## CONCLUSION

For the foregoing reasons, the Court enters a default judgment in favor of Elevation Health with respect to its breach of contract and breach of guaranty claims, and denies default judgment as to its other claims.  The Court will, by separate order, refer this case to the Hon. Jennifer Willis, United States Magistrate Judge, for an inquest into damages as to the breach of contract and guaranty claims.  Elevation Health shall serve this Order upon each defendant and file affidavits

reflecting such service on the docket by June 20, 2023. The Clerk of the Court is respectfully directed to terminate the motion pending at docket 22.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: June 6, 2023
      New York, New York