UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELEVATION HEALTH LLC,

                                    Plaintiff,

            -v-

BQC GLOBAL SUPPLY INC. *et al.*,

                                    Defendants.

---

22 Civ. 10308 (PAE) (JW)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Elevation Health LLC ("Elevation Health") brings this action for breach of contract against defendants BQC Global Supply Inc. and Brandon Wong, enforcement of guarantee and promissory estoppel against defendant Jacob Burbas, and civil conspiracy, conversion, unjust enrichment, fraud, and promissory estoppel against all defendants. Dkt. 1. On June 6, 2023, the Court entered default judgment against Wong as to the breach of contract claim and against Burbas as to the breach of guarantee claim. Dkt. 31. The Court declined to enter default judgment on the other claims, and referred the case to Hon. Jennifer E. Willis, United States Magistrate Judge, for an inquest. Dkt. 32. Before the Court is the April 28, 2026 Report and Recommendation of the Hon. Jennifer E. Willis, United States Magistrate Judge, recommending that the plaintiff be awarded damages, jointly and severally, from defendants Wong and Burbas for breach of contract and breach of guaranty, respectively, plus pre-judgment interest and post-judgment interest to be calculated by the Clerk of Court. Dkt. 42 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Willis' comprehensive and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review," Report at 11, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

**CONCLUSION**

For the foregoing reasons, the Court orders that damages be entered as follows: (1) $755,000 for the principal amount paid to purchase the test kits; and (2) pre-judgment interest, in the amount of 9% from July 15, 2022 to the date the Court's judgment is entered and (3) post-judgment interest pursuant to 28 U.S.C. § 1961 on the principal amount to be calculated by the Clerk of Court.

2

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 14, 2026
       New York, New York

3